## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

LINDA DIONNE FRANKLIN CAMPBELL      CIVIL ACTION NO. 13-2853

VERSUS      JUDGE ROBERT JAMES

ELDER CHRYSLER-DODGE-JEEP, LLC      MAG. JUDGE KAREN HAYES

### <u>MEMORANDUM RULING</u>

Before the undersigned magistrate judge, on reference from the district court, is a Motion to Remand, [doc. # 5], and an associated request for costs and attorney's fees, [doc. # 10], filed by Plaintiff Linda Dionne Franklin Campbell.[1]  The Motion is opposed.  For reasons stated below, the Motion to Remand is **DENIED** and the associated request for costs and fees is **DENIED**.

### <u>Background</u>

On September 11, 2013, Plaintiff filed a "Petition For Declaratory Judgment" in the Third Judicial District Court, Parish of Union, State of Louisiana, against Defendant  Elder Chrysler-Dodge-Jeep.  [doc. # 1-2].  Relevant to the issues here, Plaintiff alleged:

> On or about July 3, 2013, [Plaintiff] and [Defendant] entered into a vehicle sales agreement ("Agreement") whereby Plaintiff sold her [2012 truck] to Defendant and simultaneously purchased a [2013 truck] from Defendant.
>
> As a result of the Agreement, [Plaintiff] had a balance due to [Defendant] of approximately $33,508.54.
>
> Prior to executing the Agreement, [Defendant] dispatched an agent to [Plaintiff's] residence in Farmerville, Louisiana.

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this Ruling is issued under the authority thereof, and in accordance with the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

> Upon arrival, [Defendant's] agent executed the Agreement with [Plaintiff] and delivered the 2013 truck to [Plaintiff].
>
> Simultaneous to the delivery of the 2013 truck, [Defendant] accepted [Plaintiff's] 2012 truck.
>
> ***
>
> On July 12, 2013, [Defendant] sent [Plaintiff] an email informing her that [Defendant] would not perform under the Agreement, alleging defects in the exhaust system [of the 2012 truck], and that [Defendant] intended to withhold title to the 2013 truck.
>
> ***
>
> On July 29, 2013, [Defendant] sent [Plaintiff] a letter in which [Defendant] made demand upon her for the amount of $10,136.34 (ostensibly related to the exhaust system) and the attorney's fees or, alternatively, for the return of the 2013 vehicle and attorney's fees.
>
> [Plaintiff] has suffered economic damages, emotional distress, and mental anguish as a result of [Defendant's] behavior.

[doc. # 1-2, p. 1-2].  As a result of the alleged events, Plaintiff requested the following relief: (1) A declaratory judgment determining that Defendant's actions constituted bad faith breach of contract; (2) A declaratory judgment determining that Plaintiff is entitled to economic damages and mental anguish damages that have resulted from Defendant's breach of contract; (3) A declaratory judgment that Plaintiff is a consumer under the Louisiana Unfair Trade Practices Act ("LUTPA"); (4) A declaratory judgment that Defendant's actions constitute unfair or deceptive acts pursuant to the LUTPA; (5) A declaratory judgment that Plaintiff is entitled to attorney's fees and costs; and (6) All other legal and general relief to which Plaintiff may be entitled.  *Id.* at 2-3.

On October 11, 2013, Defendant removed this matter on the basis of diversity and federal question jurisdiction.  [doc. # 1].  On November 4, 2013, Plaintiff filed the instant Motion to

2

Remand the case to the state court on the basis that the amount in controversy does not exceed $75,000 and that there is no federal question at issue.  [doc. # 5].  Defendant filed its opposition on November 21, 2013.  [doc. # 7].  Plaintiff filed her Reply on December 3, 2013.  [doc. # 10].

Briefing is now complete; the matter is before the Court.

## Law and Analysis

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise.  *Id*.  Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C.A. § 1441(a).

In this case, Defendant first invokes this Court's original jurisdiction via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  28 U.S.C.A. § 1332(a).  Plaintiff does not contest that the parties are diverse; rather, she disputes Defendant's contention that the amount in controversy exceeds the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks–
>
> **(i)** nonmonetary relief; or

> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . . .

28 U.S.C.A. § 1446(c)(2)(A). When, as permitted above, the amount in controversy is derived from the notice of removal, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).[2]

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, however. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999). In the same way, a defendant must do more than assert that a state law might allow a plaintiff to recover more than what is pled; the defendant must set forth evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. If the defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiff then "demonstrates to a legal certainty that [she]

---

[2] When resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional de Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

4

can not recover more than the jurisdictional amount." *In re Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Here, consistent with Louisiana law prohibiting plaintiffs from pleading specific amounts of monetary damages[3], Plaintiff's Petition does not set forth damages with any specificity.  [doc. # 1-2].  Plaintiff does, however, present a post-removal affidavit stating that "damages in the matter . . . will not exceed $60,000."  [doc. # 5-2, p. 5].  Where, as here, the basis for jurisdiction is ambiguous, "post-removal affidavits may be considered in determining the amount in controversy . . . ."  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (citing, *ANPAC, supra*).  However, Plaintiff's affidavit is not binding because under Louisiana law a plaintiff is permitted to recover more than she has demanded.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (citing LA. CODE CIV. PROC. Art. 862).  In other words, Plaintiff's affidavit does not change the analysis and Defendant may rebut Plaintiff's allegation regarding damages by demonstrating by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum.  28 U.S.C.A. § 1446(c)(2)(B); *De Aguilar, supra*.

I. Defendant Has Met Its Burden

Defendant primarily contends that the amount in controversy is met because the combined value of the two trucks exceeds $100,000.  [doc. # 1, p. 3].  Defendant pads its calculation by pointing out that Plaintiff demands attorney's fees and alleges that she suffered economic damages, emotional distress, and mental anguish.  [doc. # 7, p. 9, 12].  In contrast, Plaintiff contends that the $10,136.34 that Defendant demanded is the core of the amount in

_____

[3] *See* LA. CODE CIV. PROC. Art 893.

controversy.  [doc. # 10, p. 4].  Plaintiff contends that if she prevails she will not have to pay this

amount and if Defendant prevails it will receive that amount from Plaintiff.

In actions seeking declaratory relief "it is well established that the amount in controversy

is measured by the value of the object of the litigation." *Hunt. Wash. State Apple Adver.*

*Comm'n*, 432 U.S. 333, 347 (1977).  Similarly, when the "right to property is called into question

in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins.*

*Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).  Courts look to the disputed property's value rather

than the damages that might be suffered.  *Id.* at 548.

For instance, in *Waller*, an insured brought suit against an insurer and two Florida

insurance commission officials in federal court, premised upon diversity jurisdiction, for a wide

variety of relief.  *Id.* at 547.  The plaintiff purchased a single premium life insurance policy from

Professional Insurance Corporation ("Professional") in the amount of $50,000.  *Id.* at 546.  The

plaintiff borrowed $22,950 from Professional to finance his payment of the premium of

$22,971.18.  *Id.*  He executed a "policy loan note" to Professional to cover this debt, promising to

pay interest at the rate of 4% per annum.  *Id.*  Years later, Professional discovered that the

interest rate should have been 5%.  *Id.*  Professional wrote to plaintiff, demanding $3,835.63 in

back interest.  *Id.*  The Fifth Circuit held that the amount in controversy was not simply the

difference between the 4% interest actually collected upon the note and the 5% interest that

Professional sought to collect; rather, the amount in controversy was the value of the entire

policy.  *Id.* at 547.  The court explained:

> The plaintiff's complaint, the good faith of which is not contested, makes it
> impossible to restrict the issues to the narrow confines of the insurance company's
> claim for back interest payments allegedly due.  The validity of this claim depends

on the validity of the $50,000 insurance policy and the $23,000 note.  It may well be, as the plaintiff alleges, that the Court will determine that the note or the note and policy together were invalid initially because of illegality or mistake or for some other reason; Waller's complaint effectively puts these questions in issue. Or the Court may find that the 4% rate stated in the note is binding and the contract valid. However the Court may decide, it cannot limit its inquiry to Professional's claim to back interest; it must rule on the validity of the underlying agreements to which the interest rate applies. Since the relief sought requires an adjudication of the legal effect of the insurance policy and the policy loan, their values determine the amount in controversy.  Home Ins. Co. of New York v. Trotter, 8 Cir., 1942, 130 F.2d 800; see C. E. Carnes & Co. v. Employers' Liability Assur. Corporation, Limited of London, England, 5 Cir., 1939, 101 F.2d 739.

*Id.*

Here, Plaintiff is seeking an array of declaratory relief, all of which centers around the object of the litigation: the 2013 truck (or Plaintiff's right to the 2013 truck).  [doc. # 1-2, p. 2-3].  Despite Plaintiff's argument, the amount in controversy does not center around the $10,136.34 that Defendant demands from Plaintiff.  Although this amount could possibly constitute the damages that Plaintiff has suffered, the Court will look to the value of the disputed property rather than the damages that may be suffered.  As in *Waller,* it is impossible to restrict the issue to the narrow confines of Defendant's demand for $10,136.34 because the validity of either parties' arguments ultimately depends on the validity of the underlying agreement.

The value of the 2013 truck, according to the declaration of John Hayden Elder presented by Defendant, is $60,266.00.  [doc. # 7-1, p. 1].  Defendant also presents a portion of the Agreement which confirms the price of the 2013 truck.  *Id.* at 3.  As explained below, this amount, when added to Plaintiff's demand for attorney's fees, exceeds the requisite amount in controversy.

Plaintiff's Petition seeks attorney's fees pursuant to LA. CIV. CODE art. 1997.  [doc. # 1-2, p. 3].   It is well established that statutory attorney's fees can be included in determining the jurisdictional amount.  *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1991).  However, Article 1997 does not provide for an award of attorney's fees.  *Ocmand v. Lubrano*, 78 So. 3d 783, 791 (La. App. 5 Cir. 2011).  Nevertheless, Plaintiff also seeks a declaratory judgment that Defendant's activities constitute a breach of the LUTPA.  [doc. # 1-2, p. 3].  Although Plaintiff styles her request as one for declaratory judgment, it is clear that attorney's fees could be awarded under LUTPA because Plaintiff also seeks "all other legal and general relief to which she may be entitled."  *Id.*

Reasonable attorney fees are available under the LUTPA if damages are awarded.  LA. REV. STAT. ANN. § 51:1409(A).  When reasonable attorney's fees are added to the value of the 2013 truck, the amount in controversy is easily met.  Plaintiff's other claims for economic damages, emotional distress, and mental anguish bolster this result.  In sum, Defendant has established jurisdiction by a preponderance of the evidence via the use of summary judgement-type evidence.

## II. Plaintiff Has Failed To Meet Her Burden

Because Defendant has met its burden, Plaintiff must now show that it is legally certain that her recovery will not exceed $75,000.  Plaintiff only attempts to meet this burden by providing a post-removal declaration stating that "damages in the matter . . . will not exceed $60,000."  [doc. # 5-2, p. 5].  However, although Plaintiff's affidavit can be considered, it has no effect on the propriety of removal here.  Aside from the declaration, Plaintiff makes no further attempt to meet this burden; her remaining arguments only attempt to rebut Defendant's

averment that it has established jurisdiction by a preponderance of the evidence.  Consequently,

Plaintiff has not shown to a legal certainty that her recovery will not exceed $75,000.

Accordingly, Defendant has sufficiently shown that the amount in controversy exceeds

$75,000 and has thus properly invoked this Court's subject matter jurisdiction under 28

U.S.C.A. § 1332(a).[4]

<u>Conclusion</u>

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Remand, [doc. # 5], and the associated request for

costs and attorney's fees related to the removal and remand of the lawsuit, [doc. # 10], filed by

Plaintiff Linda Dionne Franklin Campbell, are hereby **DENIED**.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 10th day of

December, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] Because the Court has found that jurisdiction is proper via diversity, the Court need not consider Defendant's averment that this Court also has federal question jurisdiction.

9